IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN DOUGLAS ALLISON, | CV 17-00006-H-BMM-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| PAROLE BOARD DIRECTOR, PAROLE BOARD MEMBERS, and ED FOLEY, | |
| Defendants. | |

Plaintiff Stephen D. Allison filed an Amended Complaint (Doc. 10) in compliance with the Court's February 1, 2017 Order (Doc. 8). The Amended Complaint fails to state a claim upon which relief may be granted and this matter should be dismissed.

## I.  BACKGROUND FACTS[1]

Mr. Allison was convicted in 1988 of two counts of felony sexual assault in the Twentieth Judicial District Court, Sanders County, for which he was sentenced to prison for 20 years on one count, and 20 years suspended on the other count. Upon discharge of the prison sentence in 1999, Mr. Allison applied for and was

---

[1]The following facts are taken from the Montana Supreme Court's September 2, 2008 decision in DA 07-0641 and the Montana Supreme Court's September 10, 2010 decision in DA 10-0127.

allowed to transfer to Oregon under the interstate compact to serve the remainder of the suspended sentence.

On March 24, 2005, Mr. Allison was indicted in Oregon on thirty-six counts of sexual abuse, sexual harassment, and other sexual crimes.  Mr. Allison was subsequently found guilty by an Oregon jury of twenty-five of the thirty-six counts and on August 1, 2006, he was sentenced to "[s]erve 1 year in jail w/credit for time served consecutive to each other" for six of the counts, and to sixty months probation for the remaining counts.

A month later, the State of Montana filed a petition to revoke Mr. Allison's suspended sentence.  Judge McNeil found probable cause to hold a probation violation hearing, and issued a bench warrant for Mr. Allison's arrest on August 25, 2006.  A probation violation hearing was held.  Mr. Allison admitted that the Oregon convictions constituted a violation of his probation for his original Montana sentence for the 1988 felony sexual assaults.  Following the hearing, the District Court revoked Mr. Allison's suspended sentence, and sentenced him to serve twenty years in MSP, with ten years suspended.  The District Court provided that Mr. Allison would not be eligible for parole until he had completed all three phases of the MSP sex offender treatment program.

The Montana Board of Pardons and Parole Final Board Disposition for June

2016 indicates that Mr. Allison was not eligible for parole until he successfully completed phases 1 and 2 of the sex offender treatment program.

## II.  ALLEGATIONS

Mr. Allison contends he has a protected liberty interest in his release.  He alleges Defendants violated his due process rights by revoking his probation and resentencing him to an additional term with an extended discharge date.  He contends the State violated res judicata and applied an unlawful sentence that continues his incarceration beyond his release date.  He alleges the Montana State Probation and Parole Board's actions clearly violated his right to be free of ex-post facto increases of his sentence.  (Doc. 10 at 4.)  He also argues he has a right to have the Parole Board act in compliance with state and federal statutes and the Parole Board's manuals.

In addition, he alleges members of the Parole Board and IPPO staff generated false and/or misleading reports for consideration that denied him his right to discharge his sentence and in the production of these reports and/or recommendations have violated the specific and mandatory wording of his sentencing judge.  He alleges the Parole Board has continued to extend his sentence to maintain his incarceration.  He argues he has right to be protected from Double Jeopardy being applied by the Parole Board.

3

## III.  INITIAL SCREENING

### A.  Standard

The Court will now complete the screening of Mr. Allison's Amended Complaint pursuant to 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

From the above allegations, the Court has construed the following claims: (1) that Mr. Allison's 2006 probation revocation sentence was unlawful in violation of res judicata, ex-post facto, and double jeopardy; (2) that the Parole Board violated state and federal statutes and Parole Board manuals; and (3) that Mr. Allison was denied due process because the Parole Board relied upon false and/or misleading reports in denying him parole.

### B.  Analysis

#### 1.  Parole Board Members have Immunity

Mr. Allison complains in his Amended Complaint that members of the Parole Board have "continued to claim immunity from these decisions and recommendations when they have repeatedly usurped the sentencing authority of

4

the Court's."  (Doc. 10 at 4.)  But Parole Board members "are entitled to absolute

quasi-judicial immunity for decisions to grant, deny, or revoke parole because

these tasks are functionally comparable to tasks performed by judges." *Swift v.*

*California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (internal quotation marks

omitted).  Thus, to the extent Mr. Allison seeks to hold members of the Parole

Board liable for their decisions to deny or revoke his parole he cannot do so

because they are immune from such claims.

### 2.  Unlawful Sentence

Mr. Allison alleges Defendants violated his due process rights by revoking

his probation and resentencing him to an additional term with an extended

discharge date.  He contends the State violated res judicata and applied an

unlawful sentence.  But it was not Defendants that revoked Mr. Allison's

probation and resentenced him.  That was the state district court.  Accordingly, the

Court construes this as a challenge to his probation revocation sentence which he

cannot do in a section 1983 claim.

Mr. Allison may only bring a claim under § 1983 alleging the revocation of

his probation was unconstitutional if the revocation has been invalidated.  *See*

*Heck v. Humphrey*, 512 U.S. 477 (1994); *Baskett v. Papini*, 245 Fed. Appx. 677

(9th Cir. 2007) (finding the district court properly dismissed the plaintiff's § 1983

action because the plaintiff's allegations called into question the validity of his probation revocation and plaintiff failed to allege the probation had been invalidated).

Mr. Allison may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. Mr. Allison is still incarcerated and therefore the Court assumes that the probation revocation has not been invalidated. His claims challenging his probation revocation sentence are barred by *Heck*.

### 3. Violation of State Law and Board Manuals

Whether the Parole Board followed its state law or its own procedures is an issue of state law. Mr. Allison may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). Mr. Allison's allegation that his parole hearing violated Montana statutes or the mandates of the operational

procedures for the Parole Board does not state a cognizable federal claim for violation of due process.

### 4. Due Process

Mr. Allison asserts that members of the Parole Board and IPPO staff generated false or misleading reports for consideration which denied him his right to discharge his sentence.  (Doc. 10 at 4.)  To the extent Mr. Allison is challenging the denial of his parole, he cannot do so because Section 1983 claims based on parole determinations are categorically barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless and until the determination is overturned via writ of habeas corpus. *Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (*citing Elliott v. United States*, 572 F.2d 238, 239 (9th Cir. 1978)).

If the only thing Mr. Allison seeks, however, is a hearing free from constitutional infirmity, and not a favorable decision, i.e., not any relief that will necessarily affect the length of his confinement, he may (indeed must) bring the claim under § 1983 as opposed to habeas corpus.  *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  But even if that is all Mr. Allison is trying to do in this case, he has failed to state such a claim.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v.*

7

*Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979).  Even

assuming that Mr. Allison has a liberty interest in parole because he was originally

sentenced under the old Montana statute, there is no allegation that he has been

denied due process.  *See Swarthout v. Cooke*, 562 U.S. 216, 219–20 (2011) (per

curiam).  With respect to the procedures required to satisfy due process in the

context of parole eligibility decisions, the Supreme Court has stated:

> When . . . a State creates a liberty interest, the Due Process Clause
> requires fair procedures for its vindication—and federal courts will
> review the application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures required are
> minimal.  In *Greenholtz*, we found that a prisoner subject to a parole
> statute similar to California's received adequate process when he was
> allowed an opportunity to be heard and was provided a statement of
> the reasons why parole was denied. "The Constitution," we held,
> "does not require more."

*Cooke*, 562 U.S. at 220 (*quoting Greenholtz*, 442 U.S. at 16). "Because the only

federal right at issue is procedural, the relevant inquiry is what process [the

prisoner] received . . . " *Cooke*, 562 U.S. at 222.  Due process only requires that

Mr. Allison be provided an opportunity to be heard and a state of the reasons why

his parole was denied.  The Constitution does not require more.  There is no

allegation that he was denied this process.

Mr. Allison's allegation that the Board relied on inaccurate reports to deny

parole does not state a cognizable claim for violation of due process.  *See Cooke*,

8

562 U.S. at 220–21 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement.").

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Allison may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Allison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of August, 2017.


_/s/ John Johnston_

John Johnston
United States Magistrate Judge